**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CIRILIEN JULES,<br>Petitioner,<br>v.<br>KAREN BALICKI, et al.,<br>Respondents. | Civil Action No. 07-1106 (SRC)<br>**O P I N I O N** |

**APPEARANCES:**

CIRILIEN JULES, #195307
Hudson County Correction Center
ECHO 300N
Kearny, New Jersey 08625
Petitioner pro se

EDWARD J. De FAZIO, Hudson County Prosecutor
SUSAN B. GYSS, Hudson County Assistant Prosecutor
Office of Hudson County Prosecutor
Jersey City, New Jersey 07306
Attorneys for Respondents

**Stanley R. Chesler,** District Judge

Petitioner CIRILIEN JULES (hereinafter "Petitioner") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) (hereinafter "Petition"), Docket Entry No. 1, challenging a judgment of conviction rendered by the Superior Court of New Jersey, Hudson County. See Pet. ¶1. Respondents filed an answer (hereinafter "Answer"), arguing that the Petition should be

dismissed as untimely or, alternatively, on the merits. See Docket Entry No. 1. For the reasons expressed below, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability. See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered on September 7, 1999, in the Superior Court of New Jersey, Law Division, Hudson County, after a jury convicted him of armed robbery and possession of a firearm for an unlawful purpose. See Pet. ¶¶ 2,4. The Law Division sentenced Petitioner to ten years of imprisonment. See id. ¶ 3. Petitioner appealed to the Appellate Division of the Superior Court of New Jersey, which affirmed affirmed his conviction on November 7, 2001. See id. ¶ 9. On February 5, 2002, the Supreme Court of New Jersey denied Petitioner certification. See id. ¶ 9(g).

On June 1, 2002, Petitioner filed a state petition for post conviction relief (hereinafter "PCR"). See id. ¶ 11. The procedural history of Petitioner's PCR indicates that the Law Division dismissed it on June 10, 2003, see Ans., Ex. Ra-101, and an amended PCR was filed on December 12, 2004. See id., Ex. Ra-102-16. In an order entered June 1, 2005, the Law Division denied relief with respect to the amended PCR. See Pet. ¶ 11(a)(8). Petitioner appealed, and in an opinion filed October 12, 2006, the

Appellate Division affirmed the order denying post conviction relief. See id. ¶ 11(b)(8). The Supreme Court of New Jersey denied certification on February 23, 2007.[1] See id. ¶ 11(c)(8).

Petitioner executed the Petition which is now before the Court on June 20, 2007.[2] The Petition expressly identifies the following two grounds, which are set forth below verbatim:

> GROUND ONE: Ineffective Assistance of Counsel, by denying [Petitioner] to testify on his own behalf.
>
> Supporting Facts: Petitioner's trial Attorney refused to allow him to testify on his own behalf, his attorney cited that he would be prejudiced by the facts that he spoke little English, and he was not American. Petitioner repeatedly requested from his assigned attorney to testify and his attorney violated his rights under law.

---

1 Respondents argue that Petitioner's period of limitations to seek ¶ 2254 habeas review with this Court expired during the period between the Law Division's denial of Petitioner's original PCR and his filing of the amended PCR. See Ans. at 15-16. While the Court agrees with Respondents' legal argument and the mathematical calculations, the record before this Court does not allow it to conclude, with absolute certainty, that Petitioner's filing of the amended PCR was effectively a filing of a second and independent PCR that neither related-back to the original PCR nor was executed with leave of the Law Division in the fashion qualifying Petitioner for statutory tolling from the date of filing of the original PCR to the date of denial of certification with respect to the amended PCR. Having no certainty as to this issue, the Court: (a) concludes that the Court need not reach the timeliness issue in view of the fact that the Petition will be dismissed as meritless; and (b) expressly notes that no statement made in this Opinion shall be interpreted as this Court's finding that the Petition is either timely or time-barred.

2 The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

> Petitioner's right under the law to testify on his own behalf was violated by his trial attorney.
>
> GROUND TWO: Ineffective Assistance of Counsel by trial Attorney's refusal to challenge the facts that the gun in possession of [Petitioner] was unloaded and inoperable.
>
> Supporting Facts: The weapon that was found of [Petitioner] was inoperable and not loaded. Petitioner's Trial Attorney never once raised this as a defense during the trial. The government led the Jury to believe that [Petitioner] had a loaded working gun in his possession and was capable of harming the police officer(s) or other individuals. [The counsel] refused to challenge these erroneous facts and left the jury with the impression that the information stated by the government was factual and proven.

Pet. ¶¶ 12(a), (e).

In addition to these two expressly listed grounds, which Petitioner presented to the state courts, Petitioner also appears to assert the third Ground, notifying this Court that Petitioner did not allege "actual innocence" challenge to the state courts during his direct appeal or as part of his PCRs. See id. ¶ 13. While Petitioner does not list this "actual innocence" challenge as one of his formally raised Grounds in the Petition, the Court liberally construes Petitioner's application and presumes that Petitioner wished to make his "actual innocence" challenge the third Ground of his Petition. The "actual innocence" challenge begins with the following paragraph:

> Actual Innocence -- Petitioner was actually innocent of the charges filed against him. He was originally lied to and taken advantage of by his roomate whom he believed was a friend. Then on the day in question of the arrest he was heavily medicated, from possible asbestos poisoning, or dust pollutants. Petitioner was delusional

> from the medication and his action that followed were not voluntary. Irregardless, he was coherent enough to recognize that the was a police presence in the area. And he maintained that he was not coherent enough to even plan to execute a robbery of anyone let alone a police officer, in the presence of the other police.

Pet. at 9-10. Petitioner then continues that,

> if he did indeed point a gun at the officer, [it was because] he believed that he would have suffered injury by the officer in question shooting him, or the other law officers firing their weapons at him. As a result he would have been dead or seriously injured. Petitioner states that the officer's statement was not credible and believable, because it lacked substance coming from a trained officer of the law.

Id. at 10. Petitioner concludes that he was illegally convicted because the trial counsel did not raised the aforesaid arguments at trial. See id.

## II. **STANDARD OF REVIEW**

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982). "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982). "[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citation omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

A district court must give deference to determinations of state courts. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996). Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a

presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002). Where a federal claim was "adjudicated on the merits" in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "contrary to" a Supreme Court holding if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Whether a state court's application of federal law is "unreasonable" must be judged

objectively; an application may be incorrect, but still not unreasonable. Id. at 409-10.

A court begins the analysis by determining the relevant clearly established law. See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

## III. DISCUSSION

### A. Ineffective Assistance of Counsel: Right to Testify

In Ground One, Petitioner asserts that trial and appellate counsel were constitutionally ineffective.

The Sixth Amendment, applicable to states through the Due Process Clause of the Fourteenth Amendment, guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. Strickland v. Washington, 466 U.S. 668, 686 (1984).

A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. Id. at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance. Id. Second, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In this case, Petitioner presented his ineffective assistance of counsel claims on post-conviction review. The Appellate Division rejected these claims as follows:

> [W]e find no evidence of ineffective assistance with respect to [Petitioner's] decision not to testify. Although every criminal defendant has a constitutional right to testify on his or her own behalf, and although the decision about whether or not to testify is defendant's to make, see State v. Savage, 120 N.J. 594, 626-28 (1990), defense counsel's obligation is to advise the defendant of that right. See State v. Bey, 161 N.J. 233, 269-71 (1999). The record of the trial proceedings includes extended colloquy among [Petitioner], his trial counsel and the court about his right to testify and about the risks and benefits of exercising that right. The transcript makes it abundantly clear that defendant was repeatedly advised that the choice was his to make.

State v. Jules, 2006 WL 2883117, at *2.

The record accompanying Respondents' Answer verifies the presence of "extended colloquy among [Petitioner], his trial counsel and the court about his right to testify and about the risks and benefits of exercising that right." Specifically, the record shows the following discussion:

> THE COURT: You don't have to give me your answer right now, Mr. Jules, because the State's case has basically just finished, I'll give your lawyer an opportunity to have additional discussion with you on this issue before I call you for an answer this afternoon. You have the right to testify. Okay? That's a decision that you make. You should make it in conjunction after listening to the advice of your lawyer, but it's your decision ultimately. Do you understand what I mean?
> [PETITIONER]: Yes.
> THE COURT: So you can discuss it with [your attorney], but later on I'll ask your answer, not his answer. If you want to testify, you can testify. . . . Do you have any questions about what I just told you?
> [PETITIONER]: Oh, well, yes. (The defendant confers with his attorney)
> [PETITIONER'S ATTORNEY]: Yes. He indicates he understands what his rights are.
> Lunch recess.
> THE COURT: Before we broke, I guess about two hours ago, I spoke with Mr. Jules about his decision whether or not to testify, and I told him what I would charge to the jury, if he wanted me to, if he decided not to testify. Has any decision been made I hope?
> [PETITIONER'S ATTORNEY]: Yes, Judge. Let me say, before you address my client again, I spoke to Mr. Jules this morning prior to [Y]our [H]onor's speaking to him about testifying. After the lunch break, we had a satisfactory period of time, the interpreter and I, to speak with Mr. Jules. I advised him very, very strongly that I do not believe it would be in his interests to testify, and I explained my reasons, went over all of the pertinent evidence in the case, and explained to him that this is his decision. And he indicated to me that he agreed, he did not wish to testify and, of course, we would ask the

> Judge, the court to give the standard charge about his failure to testify.
> THE COURT: All right. Mr. Jules, is that correct, what [your attorney] said?
> [PETITIONER]: Yes.
> THE COURT: You do not wish to testify?
> [PETITIONER]: No.

Ans., Exs. 2T 82-20 to 83-9, 84-21 to 85-1, 86-24 to 87-22.

The federal law as to criminal defendants right to testify parallels the state law cited by the Appellate Division. It is well-established that a criminal defendant has the constitutional right to testify on his own behalf. See Rock v. Arkansas, 483 U.S. 44 (1987). This right is personal to the defendant and may not be waived by trial counsel. See United States v. Leggett, 162 F.3d 237, 245 (3d Cir. 1998). "The duty of providing . . . advice [on whether to testify] and of ensuring that [a defendant's] waiver is knowing and intelligent rests with defense counsel." United States v. Pennycooke, 65 F.3d 9, 13 (3d Cir. 1995).

While Petitioner claims that "Petitioner's trial [a]ttorney refused to allow him to testify on his own behalf," Petitioner fails to cite a single page in the record in support of these allegations, nor does he explain what his testimony would have been if he had taken the stand. Moreover, the record unambiguously indicates that it was explained to Petitioner that the decision whether to testify was his, and that Petitioner understood the explanations. Under these circumstances, the Court simply cannot conclude that Petitioner's counsel's performance was objectively

unreasonable, or that Petitioner suffered any prejudice. Accord Martinez v. Wynder, 2007 U.S. Dist. LEXIS 42356, at *5 (E.D. Pa. June 12, 2007) ("[I]n order to demonstrate prejudice, a petitioner must put forth more than a 'bald assertion' that he was not allowed to testify, including some specifics as to what his testimony would have been"); Jones v. Kyler, 2007 U.S. Dist. LEXIS 4235 (E.D. Pa. Jan. 22, 2007) (adopting report and recommendation that petitioner was not prejudiced under Strickland because he gave "no indication of what his testimony would have entailed"); United States v. Aikens, 358 F. Supp.2d 433, 436 (E.D. Pa. 2005) ("[I]n order to prevail on trial counsel's alleged refusal to allow a client to testify, the petitioner must do more than just assert that his lawyer refused to allow him to testify").

Therefore, this Court concludes that Petitioner is not entitled to habeas relief on his ineffective assistance of trial counsel claim, based on the alleged refusal to allow Petitioner to testify on his own behalf, because he has not shown that the adjudication of the claim by the New Jersey courts resulted in a decision that was contrary to, or involved an unreasonable application of, Strickland and its progeny.

**B. Ineffective Assistance of Counsel: Gun-Related Challenges**

Petitioner also claims that he received ineffective assistance of counsel because his counsel neither challenged the fact that the

gun found on Petitioner was unloaded, nor asserted that the gun was inoperable. However, as the record provided by Respondents reveals, the State conceded, at the outset of the trial, the fact that the gun was unloaded. See Ans., Ex. 2T 9-7 to 9-9. Moreover, the police officer who was the victim of Petitioner's armed robbery also provided a testimony to the same effect. See id., Ex. 2T 23-10. Thus, it would be indeed both pointless and redundant for Petitioner's counsel to reassert the fact that the gun was unloaded; and it certainly would be strange had Petitioner's counsel first asserted that the gun was loaded only in order to prove than it was not. In sum, Plaintiff's claim as to his counsel's failure to challenge the State's assertion that Plaintiff's gun was loaded has no merit, since the State at no point made such a claim. Therefore, the decision of Petitioner's counsel not to address this issue appears to be more than merely reasonable, it appears to be the only possible decision.

Petitioner's claim that his counsel provided him with inefficient assistance by not challenging the fact that the gun was an operable one fares no better. The record suggests that Petitioner's counsel requested the operability testing of the gun, see Ans., Ex. 2T 27-16 to 18, and the testing indicated that the gun was operable. See id. at 29-18 to 20 (reflecting a stipulation that "[t]he .38 Caliber revolver handgun, Serial Number L116008 was tested for operability by Investigator Kenneth B. Leissler and was

found to be operable"). Since Petitioner does not suggest that the testing by Investigator Kenneth B. Leissler was erroneous, but rather offers his personal opinion to the contrary, this Court cannot find error in Petitioner's counsel's decision not to challenge operability of the gun which was tested operable.

Finally, as Respondents correctly observe, even if this court is to hypothesize that Petitioner's counsel somehow erred by not challenging the operability of the gun, Petitioner could not have been prejudiced by that oversight. See Ans. at 13-14 (citing State v. Hickman, 204 N.J. Super. 409, 414-415 (N.J. Super. App. Div. 1985); State v. Orlando, 269 N.J. Super. 116, 126-127 (N.J. Super. App. Div. 1993), certif. denied 136 N.J. 30 (1994) (concluding that an inoperable shotgun provides sufficient basis for armed robbery conviction)). Moreover, even if Petitioner's gun was not a real gun at all, but just a toy-gun, a robbery committed with a toy gun is deemed no less serious than one committed with an actual gun. See State v. Butler, 89 N.J. 220 (1982). Indeed, the definition of firearm was amended in 1982 to include toy gun within the definition of a deadly weapon. See N.J.S.A. 2C:11-1(c). In view of the foregoing, the Court finds that Petitioner's counsel did not provide ineffective assistance, and the state court's finding of the same was not contrary to, nor did it involve an unreasonable application of Strickland and its progeny.

**C. Actual Innocence Claim**

Finally, the Court turns to Plaintiff's admittedly unexhausted claim of "actual innocence."

A claim of "actual innocence" relates to innocence in fact, not innocence based on a legal, procedural defect.[3] A petitioner must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his claim. A claim of actual innocence requires a petitioner to show: (a) *new reliable evidence not available for presentation at the time of the challenged trial;* and (b) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. See House v. Bell, 126 S. Ct. 2064, 2077 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).

---

[3] Before AEDPA, the Supreme Court held that a petitioner otherwise barred from filing a successive petition "may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence." Herrera v. Collins, 506 U.S. 390, 404 (1993). This rule, the fundamental miscarriage of justice exception, is only granted in extraordinary situations, such as where it is shown that the constitutional violations probably resulted in the conviction of one who is actually innocent. Id.; McCleskey v. Zant, 499 U.S. 467, 494 (1991). The "claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera, 506 U.S. at 404. Clearly, the gateway argument is inapplicable here, since the instant Petition is Petitioner's first ¶ 2254 application, and this Court's decision not to reach the issue of timeliness automatically removed any bar to Petitioner's presentation of his claims to this Court.

Furthermore, the Supreme Court, in House, emphasized that the gateway standard for habeas review in claims asserting actual innocence is demanding and permits review only in the "extraordinary" case. See House, 126 S. Ct. at 2077 (citing Schlup, 513 U.S. at 327).

In the case at bar, Petitioner does not argue that he can show evidence unavailable to him during his trial that suggests he is actually innocent of the offenses for which he was convicted. Rather, he asserts he was operating with diminished mental capacity or in self-defense, and that the jurors erred in believing the police officer's testimony about the circumstances of Petitioner's offense. These claims, however, do not meet the extraordinary test of actual innocence; they merely present Petitioner's thoughts as to other defenses that Petitioner might have asserted or his disagreement with the jury as to the weight and/or credibility of evidence actually entered during Petitioner's trial. Accord Perez v. Samuels, 2007 U.S. Dist. LEXIS 43084 (D.N.J., June 8, 2007), aff'd, 2007 U.S. App. LEXIS 28277 (3d Cir. Dec. 5, 2007) (affirming dismissal of § 2241 petition where the petitioner alleged "actual innocence" of using or carrying a firearm basing his claims on allegedly perjured testimony). Therefore, Petitioner's "actual innocence" claim is without merit and will be dismissed.

**D. Certificate of Appealability**

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

**IV. CONCLUSION**

Based on the foregoing, the Court will dismiss the Petition with prejudice and decline to issue a certificate of appealability under 28 U.S.C. § 2253(c).

An appropriate Order accompanies this Opinion.

**STANLEY R. CHESLER**
**United States District Judge**

Dated: December 20, 2007